UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L&P AUTOMOTIVE LUXEMBOURG, S.a.r.l.
and LEGGETT & PLATT, INCORPORATED,

    Plaintiff,

                                            Civil Action No. 24-12202

v.

                                            Honorable Denise Page Hood

NEWAYS ELECTRONICS RIESA
GmbH & Co KG,

    Defendant.
_____/

**ORDER DENYING SECOND MOTION FOR
TEMPORARY RESTRAINING ORDER and
PRELIMINARY INJUNCTION (ECF No. 25)**

**I.    BACKGROUND**

This matter is now before the Court on Plaintiffs L&P Automotive Luxembourg, S.a.r.l. and Leggett & Platt, Incorporated (collectively, "L&P") *second* Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 25) A response and reply have been filed. (ECF Nos. 27, 28)

On August 22, 2024, filed a Verified Complaint against Defendant Neways Electronics Riesa GmbH & Co KG, alleging Breach of Contract/Specific Performance (Count I) and Specific Performance/Injunctive Relief (Count I). (ECF No. 1, Complaint) As set forth in previous orders, based on the Complaint,

the L&Ps are Tier One and Tier Two suppliers of a lumbar seat system (Lumbar Seating System) to Honda Motor Company, Hyundai Motor Manufacturing Alabama, LLC, Ford Motor Company, and Lear Corporation.  Lear in turn supplies the Lumber Seating System to General Motors.  (ECF No. 1, PageID.2) Neways supplies L&P with four designed parts:  (1) Part No. 5411701C/F4WP NM LIN IPVS PCBA; (2) Part No. 5414203E/G15-14CH SA PCBA (7 VALVE); (3) Part No. 5414204A/G15-12 CHANNEL SA PBCA; and (4) Part No. 5411702D/S4WP NM LIN IPVS PCBA Part No. 5414203E/G15-14CH SA PCBA (7 VALVE) that L&P incorporates into the Lumbar Seating System.  Two parts are at issue in this case:  (1) 5411701C/F4WP NM LIN IPVS PCBA; and (2) 5414203E/G15-14CH SA PCBA (7 VALVE).  *Id.*  The Part at issue in this second Motion for Temporary Restraining Order only applies to Part No. 541203E for the GM Corvette Program.

After briefs were filed as to the first Motion for Preliminary Injunction and a hearing held on the matter, the Court entered an Order Denying the Motion for Preliminary Injunction on October 4, 2024.  (ECF No. 18)  L&P asserts that an emergency persist that threatens to shut down an assembly line at Lear and General Motors Corvette assembly line if Neways does not deliver the Part by October 28, 2024.  In this motion, L&P claims it is not challenging the Court's prior

2

determination that the parties' have a release-by-release contract and that Neways does not have an obligation to accept future releases.  L&P instead argues that Neways remains obligated under the release-by-release contract to the other terms of the parties' contract to supply the Part to support an orderly transition to a new supplier.

Neways responds that the second Motion for TRO/PI is an "ill-conceived attempt to end-run this Court's Order denying L&P's first motion for TRO/Preliminary Injunction."  (ECF No. 27, PageID.640)  Neways opposes L&P's second motion because (i) there is not personal jurisdiction over Neways, (ii) L&P is not likely to prevail on the merits of its claim that Neways has or breached an obligation to further supply to L&P, (iii) Neways is unable to meet L&P's new, unreasonable supply demands, and (iv) L&P has not made a sufficient evidentiary showing of irreparable harm.

It is noted that prior to this second Motion for TRO/PI L&P filed a Motion for Reconsideration of the Court's Order denying the preliminary injunction. (ECF No. 21, October 18, 2024) The Court allowed Neways to respond by October 31, 2024 to the Motion for Reconsideration, in light of new arguments raised by L&P as to purchase orders, revisions, formation of a contract under the UCC, and citation to a relevant and binding to this Court the Sixth Circuit case of *MSSC*,

*Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400 (6th Cir. 2024), which L&P did not cite in any of its briefs related to its first motion, despite L&P's counsel statement during the hearing on its first motion that it was familiar with the case. L&P did not mention the October 28th and November 4th dates in its Motion for Reconsideration, although it now claims that the upcoming dates are the reason for the second motion since the Court would not be able to rule on its Motion for Reconsideration prior to October 28th.

**II. ANALYSIS**

The Sixth Circuit has stated that a successive motion must state new facts warranting reconsideration of a prior decision. *F.W. Kerr Chemical Co. v. Crandall Associate, Inc.,* 815 F.2d 426, 428 (6th Cir. 1987). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration of non-final orders must be filed within 14 days after entry of the order. E.D. Mich. LR 7.1(h)(2). No response to the motion and no oral argument are permitted unless the Court Orders otherwise. E.D. Mich. LR 7.1(h)(3). Motions for reconsideration may be brought upon the following grounds:

(A)  The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B)  An intervening change in controlling law warrants a different outcome; or

(C)   New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).   A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier.  *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

L&P's first Motion for Reconsideration was timely filed under LR 7.1.   The Order Denying Motion for Preliminary Injunction was filed on October 4, 2024 and L&P's first Motion for Reconsideration was filed on October 18, 2024.   (ECF Nos. 18, 21)   However, the **second** Motion for TRO/PI filed on October 23, 2024 is filed beyond the 14 days required under LR 7.1, if it were to be considered as a Motion for Reconsideration.

The Court considers L&P's second Motion for TRO/PI as a second Motion for Reconsideration.   As noted above, the Court has yet to rule on the first Motion for Reconsideration.   The Court finds the instant motion is an untimely second Motion for Reconsideration.   The underlying facts in the second Motion for TRO/PI are the same facts as set forth in the first Motion for TRO/PI, other than

5

now L&P notes the critical date for the parts as October 28, 2024. In its first Motion for Preliminary Injunction, L&P referenced October 7, 2024 as the critical date Neways must supply the parts. (See ECF No. 4, PageID.110) Despite the difference in the critical or imminent dates, the facts are the same involving Neways' refusal to provide parts, the alleged agreement or contract, purchase orders, release by release contract or requirement contract. Both motions involve imminent shutdowns as to productions by General Motors and Honda.

In its Order Denying the Motion for Preliminary Injunction, the Court found that L&P was not likely to succeed on the merits, the most important factor of a preliminary injunction analysis. The Court cited both the Michigan Supreme Court case, *MSSC, Inc. v. Airboss Flexible Prods. Co.*, 511 Mich. 176, 999 N.W.2d 335, 338 (2023) and the Sixth Circuit case applying *Airboss*, *Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 404 (6th Cir. 2024), reh'g denied, No. 23-1752, 2024 WL 3205995 (6th Cir. June 25, 2024) in its decision as to the type of agreement involved. The Court also noted that not receiving critical parts during production would likely create a dominos effect in the overall automobile productions of at least two automobile manufacturers which may create major disruptions and that L&P, and its customers may be irreparably harmed. The Court weighed the equities and found that they did not favor L&P in that L&P has

not shown a valid requirements contract entered into between the parties. (ECF No. 18, PageID.491) "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir.2000) (citation omitted). If a movant is highly unlikely to succeed on the merits, there is little reason for a court to take the drastic step of enjoining the opposing party at the onset of a suit. *Higuchi*, 103 F.4th at 404.

L&P, as before, argues that the status quo should be preserved. The Court notes that *before* the Complaint was filed on August 21, 2024, Neways refused to supply parts as early as November 2023 unless Neways received an immediate price increase. (ECF No. 1, PageID.12-.13) L&P on April 16, 2024, agreed to purchase the parts at an increased price "under duress and under protest." (*Id.* at PageID.13) In its current motion, L&P claims it offered to pay a higher price for the parts, but Neways rejected the offer. Neways responds that L&P misstates the parties' discussions concerning potential future supply and it has not refused to ship the parts to L&P. Neways asserts that a confidential settlement offer was made to L&P to resolve the litigation and other disputes between the parties, but that L&P rejected that offer. Neways also asserts that it is L&P who has breached any contract because it failed to pay Neways' invoices from 2022 and 2023.

The Court will not address the parties' negotiations regarding settlement. The Court finds that the instant motion is a second and untimely Motion for Reconsideration of the Court's Order Denying the Motion for Preliminary Injunction. The motion is a re-hash of previously-raised arguments, in addition to new arguments or evidence that Plaintiffs could have brought up earlier. The Court therefore denies the second Motion for Preliminary Injunction.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' second Emergency Motion for Temporary Restraining Order and Preliminary Injunction **(ECF No. 25)** is **DENIED**, the Court having considered the motion as a second and untimely motion for reconsideration.

s/Denis Page Hood  
DENISE PAGE HOOD  
United States District Judge

DATED:   October 28, 2024